**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

BARUCH MENDLOWICH,

                     Plaintiff,

        -against-

SILLS CUMMIS & GROSS P.C. and JOSHUA N.
HOWLEY,

                    Defendants.

Case No. 24-CV-03364 (VSB)

# MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'
## MOTION TO CONSOLIDATE RELATED ACTIONS

SILLS CUMMIS & GROSS P.C.
101 Park Avenue, 28th Floor
New York, NY 10178
(212) 643-7000

*Attorneys for Defendants Sills Cummis & Gross P.C.*
*and Joshua N. Howley*

*Of Counsel:*

Mitchell D. Haddad, Esq.
Randy Moonan, Esq.

## **TABLE OF CONTENTS**

Page

PRELIMINARY STATEMENT ......................................................................................................1

STATEMENT OF FACTS ............................................................................................................2

     I.     The Related Actions Involve Common Questions of Law and Fact .......................3

     II.    Procedural Posture ................................................................................................4

ARGUMENT ................................................................................................................................4

CONCLUSION.............................................................................................................................8

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*City of New York v. Fedex Ground Package Sys., Inc.*,
   No. 13-CIV-9173 (ER), 2016 WL 1532252 (S.D.N.Y. Apr. 15, 2016) ...................................8

*In re Gen. Elec. Sec. Litig.*,
   No. 09-CIV-1951 (DC), 2009 WL 2259502 (S.D.N.Y. July 29, 2009) ..................................7

*Glavan v. Revolution Lighting Techs., Inc.*,
   No. 19-CV-2308 (JPO), 2019 WL 3406582 (S.D.N.Y. July 29, 2019)...................................7

*Johnson v. Celotex Corp.*,
   899 F.2d 1281 (2nd Cir. 1990).........................................................................................4, 5

*Kaplan v. Gelfond*,
   240 F.R.D. 88 (S.D.N.Y. 2007) .............................................................................................7

*KeyBank Nat'l Ass'n v. Franklin Advisers, Inc.*,
   600 B.R. 214 (S.D.N.Y. 2019)...............................................................................................5

*Peifa Xu v. Gridsum Holding Inc.*,
   No. 18-CIV-3655 (ER), 2018 WL 4462363 (S.D.N.Y. Sept. 17, 2018) .................................8

*Saye v. NIO Inc.*,
   No. 22-CV-7252 (VSB), 2022 WL 17666398 (S.D.N.Y. Dec. 14, 2022)................................4

*Siegel v. Bos. Beer Co., Inc.*,
   No. 21-CV-7693 (VSB), 2021 WL 5909133 (S.D.N.Y. Dec. 14, 2021)..................................6

*Stone v. Agnico-Eagle Mines Ltd.*,
   280 F.R.D. 142 (S.D.N.Y. 2012) ............................................................................................5

*In re Tronox, Inc. Sec. Litig.*,
   262 F.R.D. 338 (S.D.N.Y. 2009) ............................................................................................6

**Rule**

Federal Rules of Civil Procedure, Rule 42(a) .............................................................................1, 4

Defendants, Sills Cummis & Gross P.C. ("Sills Cummis") and Joshua N. Howley, Esq. ("Howley," and together with Sills Cummis, "Defendants"), respectfully submit this Memorandum of Law in support of their Motion to Consolidate the Related Actions,[1] pursuant to Rule 42(a) of the Federal Rules of Civil Procedure, on the grounds that they involve common questions of law and fact.

## PRELIMINARY STATEMENT

The Summons with Notice filed in each of the Related Actions are cut-and-paste pleadings by the same attorney, and concern two identical cause of actions, arising from identical facts, involving identical issues of law, against identical Defendants. The only difference in all nineteen actions is the named Plaintiff (individually "Plaintiff" and together "Plaintiffs") and the condominium units allegedly owned by each Plaintiff.

Consolidation should be granted. It will conserve the Court's and the parties' time and resources and prevent the risk of inconsistent adjudications and judgments. Absent consolidation, the parties will be required to file virtually identical pleadings, motions, documents and exhibits, and take virtually identical discovery, in each of the nineteen separate Related Actions. The Court would also be required to devote considerable time and effort to review these multiple filings, and consider and determine the identical factual and legal issues raised therein, and issue nineteen separate orders and judgments. The Related Actions are a textbook case for why consolidation is appropriate and necessary.

Consolidation will not inconvenience or prejudice any of the parties. In fact, it will reduce the parties' attorneys' fees and litigation expenses and avoid inconsistent adjudications

---

[1] Each of the Related Actions and their index numbers are identified in Appendix A.

1

and judgments.  The Related Actions are still in their nascent stages.  No Complaints have been filed.  Each case is proceeding on identical procedural tracks, ensuring that consolidation would be seamless.  For the reasons which follow, the Court should grant Defendants' motion to consolidate the Related Actions.

## STATEMENT OF FACTS

On December 13, 2023, Plaintiffs commenced twenty-eight separate actions in the Supreme Court of the State of New York, County of New York, arising out of Defendants' filing of two pleadings in a separate state court mortgage foreclosure action in the Supreme Court of the State of New York, County of Sullivan, Index No. E2022-2493 ("Prior Foreclosure Action"). *See* Declaration of Randy Moonan, Esq., dated May 16, 2024 ("Moonan Decl.").  Defendants removed nineteen of the twenty-eight actions on federal question jurisdictional grounds pursuant to 28 U.S.C §§ 1331 and 1441, *et. seq.,* along with the pendant state law claims.  *See* Related Actions, ECF No. 1-1.

The Plaintiffs in each of the Related Actions allege in their respective Summons with Notice that they own a condominium unit in Monticello, New York, and were joined as a party in the Prior Foreclosure Action.  They further allege that Defendants filed a Verified Foreclosure Complaint ("Foreclosure Complaint," Exhibit A to the Moonan Decl.) and a Notice of Pendency (Exhibit B to the Moonan Decl.) in the Prior Foreclosure Action, that the foreclosure was "willfully false," that Defendants "violated provisions" of the Fair Debt Collection Practices Act ("FDCPA"), and that the Notice of Pendency "slandered" each Plaintiff's title in violation of New York State common law.

2

**I.**        <u>**The Related Actions Involve Common Questions of Law and Fact**</u>

The Summons with Notice in the Related Actions purport to give Defendants notice of identical claims, arising from identical facts, against identical Defendants, and were filed by the same attorney.  *See* Related Actions, ECF No. 1-1.  The only difference in these pleadings are the individual Plaintiff's names and the condominium units each Plaintiff claims to own. Underscoring the cut-and-paste nature of these pleadings, each Summons with Notice filed in the Related Actions contains the same typos and grammatical errors.  *Id.*

Each Plaintiff's FDCPA and a state law claim for slander of title are identical.  *See* Related Actions, ECF No. 1-1, at 2.  Specifically, as concerns the FDCPA, each Plaintiff uniformly alleges that the Foreclosure Complaint, which sought to bar and forever foreclose any interest in certain subject properties, "was willfully false as to Plaintiff and violated provision of the FDCPA."  *Id.*  Similarly, each pendant state law slander of title claim alleges that the "act of casting Plaintiff's title to [insert specific unit] as subject to any debt of Walkoff Holdings LLC and filing a notice of pendency to effectuate that claim slandered Plaintiff's title as still being encumbered by a mortgage that had previously received a satisfaction of mortgage."  *Id.*

The Related Actions also allege identical facts against identical defendants – Sills Cummis, and its member, attorney Howley, who represented the foreclosing plaintiff in the Prior Foreclosure Action.  Sills Cummis filed the Foreclosure Complaint and Notice of Pendency in the Prior Foreclosure Action which named each Plaintiff in the Related Actions as defendants in that action, but specifically excluded their condominium units from the mortgage sought to be foreclosed.  *See* Moonan Decl. Exhibit A¸ ¶89; Exhibit B, at 1, 3.

The Related Actions – based on identical underlying facts – will therefore involve identical legal issues and be subject to the same defenses.  For example, each Summons with

Notice uniformly fails to allege elements necessary to support a claim under the FDCPA, *i.e.*, that Plaintiffs are "consumers" (as defined by the FDCPA), that Defendants are "debt collectors," and that Defendants committed some act or omission in violation of the FDCPA. Additionally, the FDCPA does not apply to commercial debt, as is the case here.  Similarly, Plaintiffs uniformly fail to state a cause of action for slander of title under New York State law based on the filing of the Notice of Pendency.

## II.    Procedural Posture

The Related Actions were all purportedly commenced on the same date by the same attorney (Levi Huebner).  No Complaint has yet been served in any of the Related Actions.  *See* Case No. 24-CV-03364, ECF No. 5.[2]

Defendants removed all Related Actions on May 2, 2024.  Other than the Court's May 10, 2024 Order, there have been no further proceedings in this case.

## ARGUMENT

Rule 42(a) of the Federal Rules of Civil Procedure empowers district courts to consolidate actions involving "common questions of law or fact" in order "to avoid unnecessary costs or delay."  *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2nd Cir. 1990).  "In the exercise of discretion, courts have taken the view that considerations of judicial economy favor consolidation."  *Id.* at 1285; *see also Saye v. NIO Inc.*, No. 22-CV-7252 (VSB), 2022 WL 17666398, at *2 (S.D.N.Y. Dec. 14, 2022) (Broderick, J) ("[W]here judicial economy is

---

[2]      By Order, dated May 10, 2024, the Court directed Plaintiffs to file Complaints in each of the Related Actions by May 31, 2024.  Case No. 24-CV-03364, ECF No. 5.

concerned, a district court will generally consolidate actions.").  In deciding whether to

consolidate cases, courts consider:

> Whether the specific risks of prejudice and possible confusion [are] overborne by
> the risk of inconsistent adjudications of common factual and legal issues, the
> burden on parties, witnesses, and available judicial resources posed by multiple
> lawsuits, the length of time required to conclude multiple suits as against a single
> one, and the relative expense to all concerned of the single-trial, multiple-trial
> alternatives.

*Johnson*, 899 F.2d at 1285 (citing *Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495

(11th Cir. 1985).  Here, consolidation would serve the interest of judicial economy as the Related

Actions involve identical questions of law and fact; would conserve judicial and party resources;

would prevent duplicative litigation and inconsistent adjudications of common factual and legal

issues; and would not prejudice or inconvenience any of the parties.

First, the Related Actions raise identical factual and legal issues such that consolidation is

appropriate.  The Related Actions (i) give notice of two identical causes of action, an unspecified

claim under the FDCPA and a claim for slander of title under New York State common law; (ii)

arise from Sills Cummis' filing of the Foreclosure Complaint and the Notice of Pendency in the

Prior Foreclosure Action; and (iii) involve identical Defendants.  *See* Related Actions, ECF No.

1-1.  The Summons with Notice are copied-and-paste pleadings and, other than Plaintiffs' names

and condominium units, are identical.  *See* Related Actions, ECF No. 1-1.

The Related Actions assert identical legal issues and therefore are subject to identical

defenses.  In short, "this is a recipe for consolidation."  *KeyBank Nat'l Ass'n v. Franklin*

*Advisers, Inc.*, 600 B.R. 214, 224 (S.D.N.Y. 2019) (granting motion to consolidate where, as

here, "[b]oth cases involve the same defendants and arise out of the same contractual dispute"

and the "allegations, the legal claims and the relief sought are all identical, as are the legal

issues."); *see also Stone v. Agnico-Eagle Mines Ltd.*, 280 F.R.D. 142, 144 (S.D.N.Y. 2012)

5

("Consolidation of these actions is appropriate under Rule 42(a) because the factual allegations and legal claims made in the complaints overlap and raise common questions of law and fact. Both complaints assert causes of action under the Exchange Act in connection with allegedly false or materially misleading statements made on behalf of AEM."); *In re Tronox, Inc. Sec. Litig.*, 262 F.R.D. 338, 344 (S.D.N.Y. 2009) (granting motion to consolidate where actions all bring claims under the same statutes, against identical groups of defendants, relating to the same alleged false and misleading statements.).

Similarly, this Court has recognized that consolidation is appropriate where one complaint "appears to be copied-and-pasted" from the other and both actions "involve substantially similar—indeed, identical—questions of law and fact." *Siegel v. Bos. Beer Co., Inc.*, No. 21-CV-7693 (VSB), 2021 WL 5909133, at *3 (S.D.N.Y. Dec. 14, 2021) (Broderick, J)

Consolidation would also reduce the burden on the parties and conserve judicial resources. For each pleading, motion, or document filed, absent consolidation, the same documents and procedures must be replicated nineteen separate times. As an example of the burden that non-consolidation would place on the parties and judicial resources, the Court need look no further than the removal of the Related Actions from the New York State Court. Defendants were required to file nineteen separate notices of removal, civil cover sheets, statements of relatedness, notices to the Clerk of the New York Supreme Court, and sent nineteen emails to Plaintiffs' counsel. *See* Related Actions, ECF Nos 1–4.[3] Over the course of

---

[3]      Case No. 24-CV-03364 (VSB) was the first action removed and therefore a Related Case Statement was not filed in that action. For this action only, the citation would be ECF Nos. 1–3.

several hours, the court clerk assigned each matter to this Court as "possibly related."  Three business days later, again over several hours, the actions were "accepted as related."

Additionally, if the Related Actions were to progress to discovery, absent consolidation, nineteen separate sets of written discovery requests, responses, document productions, and party and non-party depositions would be required.  Consolidation will allow for a single document demand, a single response, a single production, and coordinated party and non-party depositions, thereby conserving significant time and resources.

Next, consolidation will prevent duplicative litigation and the risk of inconsistent adjudications and judgments.  Defendants will raise identical defenses to the Related Actions' identical claims.  Absent consolidation, the Court will be required to expend the time and resources to analyze the parties' filings in each of the Related Actions, issue nineteen separate decisions on each motion, and issue nineteen separate adjudications and judgments.  It would be a waste of the Court's time and resources and would risk inconsistent outcomes if these actions were litigated separately.  *See e.g.*, *Glavan v. Revolution Lighting Techs., Inc.*, No. 19-CV-2308 (JPO), 2019 WL 3406582, at *2 (S.D.N.Y. July 29, 2019) (consolidating cases where the actions "assert identical claims against identical defendants" involving "almost identical factual allegations" and stating that "[n]othing would be gained by litigating these cases separately, and indeed, taking such a course would be inefficient and would raise the risk of inconsistent outcomes."); *In re Gen. Elec. Sec. Litig.*, No. 09-CIV-1951 (DC), 2009 WL 2259502, at *2–3 (S.D.N.Y. July 29, 2009) (consolidating cases where there were "substantial overlap in the complaints" because allowing the actions to proceed separately "would result in duplicative efforts, wasting both the Court's time and the parties' time and money."); *Kaplan v. Gelfond*, 240 F.R.D. 88, 92 (S.D.N.Y. 2007) ("Given the overlapping questions of law and fact presented

7

in the cases before us, litigating a multitude of separate actions would only ensure the duplication of effort amongst parties and the needless expenditure of judicial resources.").

Finally, consolidation will not cause any confusion, inconvenience, or prejudice to the parties.  All of the Related Actions were removed on May 2, 2024.  No Complaints have been served in the Related Actions.  All are due by May 31st.  Nothing has happened substantively.  Consolidation is warranted at this early stage of litigation where the cases can be put on the same procedural track.  *See e.g.*, *Peifa Xu v. Gridsum Holding Inc.*, No. 18-CIV-3655 (ER), 2018 WL 4462363, at *3 (S.D.N.Y. Sept. 17, 2018)  (finding that there was little to no risk from consolidation where "Defendants' time to answer has not yet passed, the Court can easily place these cases on the same procedural track."); *City of New York v. Fedex Ground Package Sys., Inc.*, No. 13-CIV-9173 (ER), 2016 WL 1532252, at *3 (S.D.N.Y. Apr. 15, 2016) (consolidating cases with "little to no risk of prejudice to the parties" where actions were in its early stages and the court could easily put the cases "on the same procedural track").  Here, consolidation would in fact be more convenient for the Court and the parties.  The parties will no longer have to manage nineteen separate dockets for cases that for all intents and purposes are one and the same.

Accordingly, the Court should grant Defendants' motion to consolidate the Related Actions.

## **CONCLUSION**

For the foregoing reasons, Defendants respectfully request that the Court grant its motion to consolidate the Related Actions, together with such other and further relief as the Court may deem just and proper.

8

Dated: New York, New York                     **SILLS CUMMIS & GROSS P.C.**
      May 16, 2024

                                             */s/ Mitchell D. Haddad*
                                             Mitchell D. Haddad, Esq.
                                             Randy Moonan, Esq.
                                             101 Park Avenue, 28th Floor
                                             New York, NY 10178
                                             Telephone: (212) 643-7000
                                             Facsimile: (212) 643-6500
                                             mhaddad@sillscummis.com
                                             rmoonan@sillscummis.com

                                             *Attorneys for Defendants*
                                             *Sills Cummis & Gross P.C. and Joshua N. Howley*

9

## APPENDIX A

### (Related Actions)

1. *Baruch Mendlowich v. Sills Cummis & Gross P.C. et al.*, No. 24-CV-03364 (VSB) (S.D.N.Y.)

2. *Bersh Stern v. Sills Cummis & Gross P.C. et al.*, No. 24-CV-03371 (VSB) (S.D.N.Y.)

3. *David Fried et al. v. Sills Cummis & Gross P.C. et al.*, No. 24-CV-03375 (VSB) (S.D.N.Y.)

4. *Henrique Fekete v. Sills Cummis & Gross P.C. et al.*, No. 24-CV-03378 (VSB) (S.D.N.Y.)

5. *Issac Czimet v. Sills Cummis & Gross P.C. et al.*, No. 24-CV-03379 (VSB) (S.D.N.Y.)

6. *Issac Triegar et al v. Sills Cummis & Gross P.C. et al.*, No. 24-CV-03415 (VSB) (S.D.N.Y.)

7. *Jacob Schwimmer et al. v. Sills Cummis & Gross P.C. et al.*, No. 24-CV-03380 (VSB) (S.D.N.Y.)

8. *Joel Greenfield v. Sills Cummis & Gross P.C. et al.*, No. 24-CV-03384 (VSB) (S.D.N.Y.)

9. *Joel Tyrnauer v. Sills Cummis & Gross P.C. et al.*, No. 24-CV-03386 (VSB) (S.D.N.Y.)

10. *Joseph Feder v. Sills Cummis & Gross P.C. et al.*, No. 24-CV-03387 (VSB) (S.D.N.Y.)

11. *Joseph Friedman v. Sills Cummis & Gross P.C. et al.*, No. 24-CV-03389 (VSB) (S.D.N.Y.)

12. *Joseph Jacob V. Sills Cummis & Gross P.C. et al.*, No.24-CV-03391 (VSB) (S.D.N.Y.)

13. *Joseph Mendlowits et al. v. Sills Cummis & Gross P.C. et al.*, No. 24-CV-03394 (VSB) (S.D.N.Y.)

14. *Lipa Zicherman v. Sills Cummis & Gross P.C. et al.*, No. 24-CV-03402 (VSB) (S.D.N.Y.)

15. *Mayer Ganzfried v. Sills Cummis & Gross P.C. et al.*, No. 24-CV-03405 (VSB) (S.D.N.Y.)

16. *Mayer Handler v. Sills Cummis & Gross P.C. et al.*, No. 24-CV-03406 (VSB) (S.D.N.Y.)

17. *Simon Strulovic v. Sills Cummis & Gross P.C. et al.*, No. 24-CV-03407 (VSB) (S.D.N.Y.)

18. *Yechiel A. Klein v. Sills Cummis & Gross P.C. et al.*, No. 24-CV-03410 (VSB) (S.D.N.Y.)

19. *Yehuda Kohn v. Sills Cummis & Gross P.C. et al.*, No. 24-CV-03412 (VSB) (S.D.N.Y.)